UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22429-CIV-MOORE

SANDRA HAJTMAN,

    Plaintiff,

v.

NCL (Bahamas) Ltd. d/b/a NCL and Jane
Doe (ship's nurse), and Dr. Doe (ship's
doctor),

    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANT NCL'S AMENDED MOTION TO DISMISS

This CAUSE came before the Court upon Defendant NCL's Amended Motion to Dismiss Plaintiff's Amended Complaint (dkt # 45). On February 19, 2008, Plaintiff filed her Response (dkt # 48). On March 7, 2008, Defendant filed its Reply (dkt # 53).

UPON CONSIDERATION of the Motion, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I.    BACKGROUND

Sandra Hajtman ("Plaintiff") is a citizen of the state of Texas and Defendant, NCL (Bahamas), Ltd ("NCL" or "Defendant") is a corporation that has its principal place of business in Florida. *See* Compl. at 1. Defendant's business provides vacation cruises aboard various vessels, including the vessel Norwegian Dream. Id at 2. Defendant is the owner, operator, and manager of the vessel Norwegian Dream. Id.

Plaintiff claims that Defendant was negligent during Plaintiff's November 2006 vacation cruise aboard the Norwegian Dream. Id at 3.

On or about November 1, 2006, Plaintiff, aboard Defendant's vessel, sought medical attention

for severe abdominal pain. A nurse questioned Plaintiff regarding her symptoms, and specifically asked whether Plaintiff had "loose stools." Id. Plaintiff responded in the affirmative and further requested to be seen by the doctor. The nurse told Plaintiff that Plaintiff had "Norwalk Virus" and could not see the doctor, but should remain in her cabin. Plaintiff did not obtain any medical treatment or supervision for three days until November 4, 2006, when Plaintiff, whose condition had worsened, returned to the medical facility and demanded to see the doctor. Id. The doctor agreed to see Plaintiff and concluded that Plaintiff had pseudomonas colitis; consequently, the Coast Guard airlifted the Plaintiff from the vessel. Id.

On or about September 18, 2007, the Plaintiff brought this action against Defendant in the United States District Court, Southern District of Florida. On December 6, 2007, this Court entered an Order (dkt # 26) dismissing all of Plaintiff's counts alleged against Defendant. Plaintiff filed an Amended Complaint that alleges nineteen counts. Of the nineteen counts, counts I, XIV, XV, XVI, and XVIII seek relief against NCL.

II.     ANALYSIS

    **A.**     **Standard of Review**

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). However, as long as the allegations rise above a speculative level, a well-pleaded complaint will survive a motion to dismiss

"'even if it appears that a recovery is very remote and unlikely.'" Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (overruled on other grounds by Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959-60 (2007) (citation omitted). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

**B.        Governing Law**

Federal maritime law governs Plaintiff's dispute in this matter. In this case, despite diversity of citizenship between the parties, the alleged injury occurred on navigable waters; therefore, maritime law controls the substantive issues. Everett v. Carnival Cruise Lines, 912 F. 2d 1355, 1358 (11th Cir. 1990) (holding "[e]ven when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction, if the injury occurred on navigable waters, federal maritime law governs").

**C.        Plaintiff's Claims**

In Counts I, XIV, XV, XVI, and XVIII, Plaintiff asserts the following theories of recovery against Defendant NCL: negligent hiring, failure to enforce medical policies, joint venture liability, fraud, and conspiracy to commit battery.

**1.    Negligence**

**a.    Negligent Hiring**

In her Amended Complaint, Plaintiff alleges that NCL was negligent in hiring Dr. Doe and Nurse Doe. It is established that cruise ship operators, who elect to provide a physician, can be found liable for negligently hiring a medical staff member. See Jackson v. Carnival Cruise Lines, Inc., 203 F. Supp. 2d 1367, 1374 (S.D. Fla. 2002). At issue here, however, is whether Plaintiff's

amended claim alleging negligent hiring relates back to the date of filing of Plaintiff's original complaint.

Pursuant to Defendant's passenger ticket contract, the statute of limitations to file a suit to recover damages in negligence for personal injury is one year from the date the cause of action accrued. Plaintiff was allegedly injured on November 1, 2006, which would allow Plaintiff to file her claims on or before November 1, 2007. Plaintiff's Amended Complaint was filed on December 17, 2007, after the one year statute of limitations had expired.

Federal Rule of Civil Procedure 15(c)(1)(B) states "[a]n amendment to a pleading relates back to the date of the original pleading when: (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." According to the Eleventh Circuit, "the critical issue in [relation back] determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993).

Here, Plaintiff's amended claim of negligent hiring does not relate back to the date of the original complaint. Throughout Plaintiff's first complaint, no allegations or facts supporting a claim of negligent hiring are alleged. Plaintiff's original claims focus on Defendant's alleged negligence in failing to promulgate policies and/or procedures for sick passengers, not negligence in hiring. Further, Plaintiff did not present any facts regarding the employment of Dr. Doe and Nurse Doe; Plaintiff is simply trying to interject a new theory of liability based upon facts and conduct that was not previously alleged. Therefore, Defendant was not given notice regarding the negligent hiring claim anywhere within Plaintiff's originally filed complaint. See Simmons ex rel. Estate of Elliot v. U.S., 225 F.R.D. 688, 693 (N.D. Ga. 2004) (stating the rule allows "amended complaints to relate

4

back as long as the amended complaint refers to the same transaction...and the defendant was put on notice of the claim by the first complaint") (internal citations omitted). Plaintiff's claim for negligent hiring is premised upon "new distinct conduct," the negligent employ of Dr. and Nurse Doe, which prevents this claim from relating back to the date the original claim was filed. Moore, 989 F.2d at 1331 (holding "[w]hen new or distinct conduct...are alleged as grounds for recovery, there is no relation back"). Since Plaintiff's claim for negligent hiring does not relate back, it is barred by the statute of limitations and dismissed. See Id. (when there is no relation back, "recovery under the amended complaint is barred by limitations if it was untimely filed").

### b. Negligence Premised Upon Policies and Procedures

Plaintiff's Amended Complaint also alleges that Defendant was negligent in its promulgation of policies and procedures that prevented Plaintiff from being seen by Dr. Doe and kept her confined to her cabin.

In its first Order of Dismissal, this Court determined that Defendant cannot be held liable for failing to promulgate medical policies and procedures because it was under no duty to do so. See Hajtman v. NCL, 526 F. Supp. 2d 1324, 1327 (S.D. Fla. 2007). Now, Plaintiff alleges that Defendant was negligent, not in its failure to promulgate medical policies, but in its promulgation of flawed policies. While this new allegation is merely the inverse of Plaintiff's earlier claim, there is a difference. Plaintiff now asserts that Defendant, not acting pursuant to any duty, promulgated a policy that allowed the carrier, based upon the *carrier's* sole judgment, to confine a passenger to a stateroom who might be suffering from a contagious disease. See Amd. Compl. at ¶ 15. Given Defendant's decision to mandate a quasi-medical policy, where it otherwise had no duty to do so, there is a possibility that liability could incur as a result. It remains a maritime law standard that a

5

shipping company is not liable for the negligent acts of its medical staff[1], but without further discovery regarding the force and effect of Defendant's confinement policy, the Court cannot conclude that Plaintiff's claim is without merit.

Therefore, the portion of Count 1, alleging negligence based upon Defendant's promulgation of an alleged flawed policy that allowed Plaintiff to be confined to her stateroom under suspicion of a contagious illness, remains a viable claim at this stage of the proceeding.

### 2. Joint Venture

In Counts XIV and XV, Plaintiff argues that Defendant can be held liable for the negligence of its medical staff because Defendant and the medical staff formed a joint venture to operate the ship's medical facility for profit. This argument is without merit.

Medical staff exists on Defendant's ships as a convenience to the passengers, not as a joint venture to operate a medical facility. As another court in this district held "a cruise line is not a '...corporation, joint venture, or other association for professional activity by health care providers.'" Hesterly v. Royal Caribbean Cruises, Ltd., 515 F. Supp. 2d 1278, 1286 (S.D. Fla. 2007). Further, given "the long-standing principle of uniformity in federal maritime law and the Supreme Court of Florida's thorough review of the existing case law on this question [whether a cruise line is vicariously liable for the medical malpractice of the shipboard doctor], a joint venture between Carnival and [the ship doctor] does not exist." Barrnett v. Carnival Corp., 2007 WL 1526658. Given this district's recent holdings, and the established jurisprudence, which states that "a shipping company is not in the business of providing medical services to passengers," no joint venture exists. Barbetta v. S/S Bermuda Star, 848 F.2d 1364, 1369 (5th Cir. 1988).

---

[1] See Barbetta v. Bermuda Star, 848 F.2d 1364, 1369 (5th Cir. 1988).

Thus, Plaintiff's attempt to circumvent the established principle that carriers are not responsible for the negligence of their on board physicians is not permitted. Counts XIV and XV are dismissed for failure to state viable claims.

### 3. Fraud

In Count XVI, Plaintiff argues that Defendant made false representations regarding Dr. Doe's qualifications, consequently, Plaintiff claims she relied upon these alleged false representations to her detriment and was injured as a result. In the original complaint, Plaintiff specifically questioned the qualifications of Nurse Doe, but did not intimate any concern regarding Dr. Doe's qualifications as a medical professional. In fact, in her original complaint, Plaintiff only questions Dr. Doe's allegedly flawed process and procedures for seeing patients and his lack of supervision over Nurse Doe. Plaintiff never questioned Dr. Doe's qualifications and her whole goal, as stated in the complaint, was to be seen by Dr. Doe for treatment. However, examining the Amended Complaint in the light most favorable to Plaintiff, because Plaintiff's original complaint called into question Dr. Doe's abilities, and Defendant's endorsement of those abilities, the claim for fraud arises out of a "common core of operative facts" with the original complaint and relates back to the date of original filing. Mayle v. Felix, 545 U.S. 644, 659 (2005). Further, pursuant to Federal Rule of Civil Procedure 9(b), Plaintiff has pled her fraud claim with the requisite specificity.

### 4. Conspiracy to Commit Battery

In Count XVIII of her Amended Complaint, Plaintiff claims that Defendant is liable for conspiracy to commit battery. Plaintiff argues that since Dr. Doe allegedly did not possess a required Bahamian medical license, and this was not known to Plaintiff at the time of treatment, Plaintiff was unable to provide informed consent allowing Dr. Doe to touch her body. Plaintiff

asserts that the touching, combined with a lack of informed consent, amounted to a battery, which Defendant conspired with Dr. Doe to commit. At this stage of the litigation, neither party has provided sufficient information as to the applicability or relevance of Bahamian licensure requirements for medical professionals operating on a cruise ship flown under the Bahamian flag. Further, without the benefit of discovery regarding Dr. Doe's actual medical certifications and what information was conveyed to Plaintiff, it is impossible to render a decision regarding the presence of informed consent. Taking the Amended Complaint in the light most favorable to the Plaintiff, Count XVIII cannot be dismissed and remains.

## III. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant NCL's Amended Motion to Dismiss Plaintiff's Amended Complaint (dkt # 45) is GRANTED IN PART. It is further

ORDERED AND ADJUDGED that Count I, as it relates to negligent hiring, is DISMISSED, but as Count I relates to Defendant's alleged promulgation of flawed policies and procedures, it remains. It is further

ORDERED AND ADJUDGED that Counts XIV and XV are DISMISSED. It is finally

ORDERED AND ADJUDGED that Counts XVI and XVIII survive the motion and remain.

DONE AND ORDERED in Chambers at Miami, Florida, this 16th day of April, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge Andrea M. Simonton
All Counsel of Record